**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodrigo FLORES–LUEVANO,
Defendant–Appellant.**

No. 05–51420
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM: *

Rodrigo Flores–Luevano (Flores) appeals the 41–month sentence imposed following his plea of guilty to illegally reentering the United States after deportation. Flores argues that his sentence is unreasonable and greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He does not challenge the calculation of his guidelines sentencing range.

A sentence, such as Flores's, "within a properly calculated Guideline range is presumptively reasonable." *United States v.*

Alonzo, 435 F.3d 551, 554 (5th Cir.2006). We note that, at sentencing, the district court specifically referenced the Sentencing Reform Act of 1984, which sets out the sentencing goals found in § 3553(a). The district court's written statement of reasons also stated that the district court had considered the factors found in § 3553(a). We conclude that Flores has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. *See Alonzo,* 435 F.3d at 554; *United States v. Mares,* 402 F.3d 511, 519 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005).

Flores also challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Flores's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Flores contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Flores properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.